UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEAN BERVIL MCTERRELL,

            *Petitioner*,

  -against-

MS. TITUS, SUPERINTENDENT, FIVE POINTS CORRECTIONAL FACILITY, ANNUCCI, ACTING COMMISSIONER OF D.O.C.C.S.,

            *Respondent*.

20-CV-6030 (RJD) (LB)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

---

DEARIE, United States District Judge:

In this petition for a writ of habeas corpus under 28 U.S.C. § 2254, *pro se* petitioner Sean McTerrell, challenges a New York State conviction for assault in the first degree. For the reasons set forth below, the application is denied and the petition is dismissed.

## BACKGROUND

On January 31, 2014, McTerrell began to argue with and then shot a fellow bus passenger. Decision & Order, *People v. Sean McTerrell*, No. 903/2014, at 1 (N.Y. Sup. Ct. May 14, 2014).[1] The bus driver drove the bus directly to the police station, where the police arrested McTerrell. *Id.* at 1-2. Police also took a loaded gun from McTerrell's hand. *Id.* McTerrell told the police that the other passenger "came at me," and that McTerrell "had no choice but to shoot him." Statement Notice Pursuant to N.Y. Crim. Pro. L. § 710.30(1)(a), *People v. Sean McTerrell*; *see* Decision & Order at 2.

McTerrell was arraigned in Kings County Criminal Court on a felony complaint charging attempted murder, multiple counts of assault, criminal possession of a weapon, and reckless

---

[1] The state court documents cited in this background section are appended to McTerrell's habeas petition. *See* ECF No. 1.

endangerment. Decision & Order at 2. Although McTerrell had given notice of an intention to testify before the grand jury, defense counsel withdrew the notice and McTerrell did not testify. *Id.* The grand jury subsequently indicted McTerrell for attempted murder in the second degree, multiple counts of assault, reckless endangerment, criminal possession of a weapon, criminal use of a firearm, and menacing. *Id.* McTerrell was arraigned on the grand jury's indictment on February 27, 2014, and pleaded not guilty. *Id.*

On March 12, 2014, McTerrell was assigned a new attorney and filed a motion to dismiss the indictment based on prior counsel's alleged ineffectiveness in failing to effectuate McTerrell's right to testify before the grand jury. *Id.* The New York Supreme Court denied that motion, pointing to the well-settled principle that defense counsel's failure to effectuate a defendant's intention to testify before a grand jury does not alone constitute ineffective assistance of counsel and further reasoning that McTerrell had not demonstrated the requisite prejudice. *See id.* at 4-5.

McTerrell's assigned defense counsel obtained a pre-pleading memorandum prepared by an external nonprofit, which advised the court of McTerrell's difficult life circumstances and urged a lenient plea agreement. *See* Aff. of Diane Eisner in Opp'n to Pet. 3 ("Eisner Aff."), ECF No. 6; Pre-Pleading Memorandum, ECF No. 6-2. On June 9, 2015, the court offered McTerrell a guilty plea to assault in the first degree with a sentence of twelve years. Transcript of Plea Proceedings at 2-4, 8, ECF No. 6-1. McTerrell accepted the plea and agreed to waive all appellate rights. *Id.* at 5-7. The court subsequently sentenced McTerrell to twelve years' incarceration and five years' post-release supervision, clarifying that McTerrell was being sentenced as a first-time offender because a prior, out-of-state felony was not felony weight in New York State. Transcript of Sentencing Proceedings at 2-4, ECF No. 6-1.

Represented by appointed appellate counsel, McTerrell filed an appeal, arguing that the appellate waiver was invalid and that the sentence was excessive and should be reduced in the interest of justice. Mot. to Reduce Sentence, ECF No. 6-3. McTerrell received permission to file a pro se supplemental brief raising a number of additional arguments; McTerrell also sought appointment of new appellate counsel. Pro Se Supp. Br., ECF No. 6-6. The court denied McTerrell's motion to have new counsel appointed. *See* Eisner Aff. at 7. The Appellate Division held that McTerrell's appellate waiver was invalid because the record did not demonstrate that McTerrell knowingly, voluntarily, and intelligently waived the right to appeal; the court further held, however, that the sentence imposed was not excessive and that the arguments raised in McTerrell's pro se supplemental brief were either procedurally defective or meritless. *See People v. McTerrell*, 174 A.D.3d. 648 (N.Y. Sup. Ct. App. Div. 2019).

The New York Court of Appeals denied McTerrell's application for leave to appeal. *People v. McTerrell*, 34 N.Y.3d 982 (2019). While that application was pending, McTerrell filed an application with the Appellate Division for a writ of error *coram nobis*, arguing that appellate counsel's representation was so nominal that it amounted to no representation. App. for Writ of Error Coram Nobis, ECF No. 6-8. The Appellate Division denied that application. *People v. McTerrell*, 179 A.D.3d 1097 (N.Y. Sup. Ct. App. Div. 2020).

McTerrell filed the instant habeas petition on December 10, 2020.

**LEGAL STANDARD**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may issue a writ of habeas corpus under 28 U.S.C. § 2254 to individuals in state custody if their state court proceedings: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

3

States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). This deferential standard of review applies only when the federal claim has been "adjudicated on the merits" by the state court; if there is no such adjudication on the merits, the district court may review the state court disposition de novo. *Aparicio v. Artuz,* 269 F.3d 78, 93 (2d Cir. 2001). "The Supreme Court has admonished that, when in doubt, courts should presume that the state court adjudicated the claim on the merits." *Garner v. Lee*, 908 F.3d 845, 859 (2d Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 99 (2011)). As long as "there is nothing in [a state court] decision to indicate that the claims were decided on anything but substantive grounds," the decision should be considered to be "on the merits." *Aparicio*, 269 F.3d at 94.

An individual bringing a Section 2254 petition must exhaust all remedies available in state court before becoming eligible for federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To do so, the petitioner must give a state's highest court "a fair opportunity to pass on his federal claim." *Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000). If a petitioner files a "mixed petition," containing both exhausted and unexhausted claims, a district court can proceed in any of four ways: (1) It may dismiss the entire petition without prejudice so that the petitioner may exhaust any unexhausted claims, *see Zarvela v. Artus*, 254 F.3d 374, 380 (2d Cir. 2001); (2) it may stay the petition to allow the petitioner to exhaust his claims in state court, as long as petitioner has demonstrated good cause for failing to exhaust and the unexhausted claims are not plainly meritless, *see Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); (3) it may permit the petitioner to delete any unexhausted claims and proceed only with exhausted claims, as long as the petitioner "expressly and unequivocally acknowledge[s] to the district court that he [i]s abandoning his unexhausted claims" and those claims are not intertwined with any exhausted claims, *Grady v.*

4

*LeFevre*, 846 F.2d 862, 865 (2d Cir. 1988); or (4) it may deny the mixed petition on the merits if it determines that the unexhausted claims are meritless, *see* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State."); *see also Velazquez v. Poole*, 614 F. Supp. 2d 284, 311 (E.D.N.Y. 2007).

If a state court addresses a federal claim and that court's disposition of the federal claim "rests upon a state-law ground that is independent of the federal question and adequate to support the judgment," the federal court reviewing the habeas petition cannot review that claim. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quotation marks omitted). "[W]hen a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review," unless the prisoner demonstrates cause for the default and actual prejudice. *Id.*; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"[H]abeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. at 103. The question is "not whether the state court was incorrect or erroneous in rejecting [the petitioner's claims], but whether it was 'objectively unreasonable' in doing so." *Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001). A writ of habeas corpus may issue only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington*, 562 U.S. at 102.

As with all matters involving *pro se* litigants, in considering a Section 2254 petition from a *pro se* petitioner, a district court is obliged to construe the pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

5

471, 474 (2d Cir. 2006) (citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). That said, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## DISCUSSION

McTerrell raises a number of grounds that boil down to the following: The sentence imposed by the trial court was excessive; McTerrell was improperly denied the right to testify before the grand jury; counsel were ineffective at both the trial and appellate levels; McTerrell's bail was excessive; the state court should have ordered a competency hearing; McTerrell was improperly sentenced as a second felony offender; and the state court improperly changed McTerrell's plea from weapon possession to assault. I address each argument in turn.

### I.  Excessive Sentence

McTerrell reiterates the arguments raised by appellate counsel on direct appeal—that the sentence was excessive in light of McTerrell's difficult life circumstances and health conditions, and that it should be reduced in the interest of justice. Under New York state law, the Appellate Division has discretion to reduce a sentence in the interest of justice. *See* N.Y. Crim. Proc. L. § 470.15(3), (6)(b). But "a claim that a sentence should be reduced in the interest of justice does not allege a violation of a federally protected right," and therefore is not cognizable in a federal habeas petition. *Baide-Ferrero v. Ercole*, No. 06-CIV-6961 (RJS), 2010 WL 1257615, at *4 (S.D.N.Y. Mar. 31, 2010); *see also Brito v. Keyser*, No. 19-CV-4197 (VEC) (GWG), 2020 WL 236697, at *9 (S.D.N.Y. Jan. 15, 2020), *report and recommendation adopted*, No. 19-CV-4197 (VEC), 2020 WL 995826 (S.D.N.Y. Mar. 2, 2020).

To the extent that McTerrell argues that the sentence is unconstitutional under the Eighth Amendment, this argument is unexhausted. "Asking a state court to use its discretionary authority

to reduce a sentence, without more, is not enough to alert the court that the claim is of constitutional dimension." *Castillo v. Abrams*, No. 88-CV-1165 (MGC), 1988 WL 96026, at *2 (S.D.N.Y. Aug. 24, 1988). A petitioner may flag an excessive sentence claim as a claim of "constitutional dimension" by, for example, referencing the U.S. Constitution, using phrases such as "cruel and unusual punishment" and "grossly disproportionate," or citing federal court decisions. *See Merejildo v. Breslin*, No. 05-CV-3111 (AKH), 2009 WL 2151835, at *11 (S.D.N.Y. July 16, 2009); *Toxey v. New York State Div. of Parole*, No. 14-CV-610 (JPO) (RLE), 2017 WL 10398212, at *19 (S.D.N.Y. Nov. 8, 2017), *report and recommendation adopted,* No. 14-CV-610 (JPO), 2018 WL 4906251 (S.D.N.Y. Oct. 9, 2018). McTerrell did neither; rather, appellate counsel's motion to reduce McTerrell's sentence "merely argued that [the] sentence was 'excessive' considering various mitigating circumstances." *Merejildo*, 2009 WL 2151835, at *11. Even if McTerrell had exhausted this claim, however, it would fail based on the underlying merits, because there is generally no cognizable habeas relief to an excessive sentencing claim where, as here, a petitioner's sentence falls within the statutory range prescribed by state law. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see* N.Y. Penal L. §§ 70.02(3)(a), 120.10 (defining assault in the first degree as a class B felony and prescribing a sentencing range between five and twenty-five years); Transcript of Sentencing Proceedings at 3 (sentencing McTerrell to twelve years' incarceration).

Similarly, to the extent that McTerrell argues that the risk of contracting COVID-19 renders the sentence unconstitutional, that argument is also unexhausted. *See Fleming v. Att'y Gen. of New York*, No. 20-CV-6026 (LLS), 2020 WL 9458897, at *3 (S.D.N.Y. Nov. 25, 2020) (collecting district court cases concluding that "even assuming a petition under § 2254 is available to state prisoners seeking release due to conditions of confinement in connection with COVID-19,

7

such prisoners must exhaust state remedies before filing a § 2254 petition, such as by bringing a state habeas petition pursuant to Article 70 of the Civil Practice Law and Rules and appealing the denial of the state habeas petition"). McTerrell has not raised that argument in any form before the state court. Even if this argument were exhausted, it too would fail on the merits. Although "correctional officials have an affirmative obligation to protect inmates from infectious disease," *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996), and "an inmate can face a substantial risk of serious harm in prison from COVID-19 if a prison does not take adequate measures to counter the spread of the virus," *Chunn v. Edge*, 465 F. Supp. 3d 168, 200 (E.D.N.Y. 2020), McTerrell has not alleged or demonstrated the deliberate indifference needed to succeed on this claim. *See Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (explaining that to demonstrate deliberate indifference, a prisoner must "prove[] both an objective element—that the prison officials' transgression was 'sufficiently serious'—and a subjective element—that the officials acted, or omitted to act, with a 'sufficiently culpable state of mind,' *i.e.,* with 'deliberate indifference to inmate health or safety' (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))). Indeed, the minimal facts McTerrell has provided regarding the COVID-19 situation at Five Points Correctional Facility include the fact that the prison quarantined patients when they contracted COVID-19 and that it provided McTerrell with vaccination shots. *See* ECF No. 8. I cannot on this record conclude that the objective or subjective prongs of the deliberate indifference test are met.

Because McTerrell's claims regarding the duration of the sentence are meritless as well as unexhausted, they are denied on the merits. *See* 28 U.S.C. § 2254(b)(2); *Velazquez*, 614 F. Supp. 2d at 311.

8

## II.     Right to Testify Before the Grand Jury

The state appellate court disposed of the claim that McTerrell was denied the right to testify before the grand jury by reasoning that McTerrell waived that claim by failing to move within the requisite five days after arraignment to dismiss the indictment, as required by N.Y. Crim. Pro. L. § 190.50(5)(c). *McTerrell*, 174 A.D.3d at 649. This constitutes an adequate and independent state ground foreclosing habeas review, because the New York rule at issue is "firmly established and regularly followed." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see, e.g.*, *People v. McCray*, 165 A.D.3d 595, 596 (N.Y. Sup. Ct. App. Div. 2018); *People v. Sutherland*, 104 A.D.3d 1064, 1066 (N.Y. Sup. Ct. App. Div. 2013). Although McTerrell could circumvent this barrier with a showing of cause and prejudice or actual innocence, McTerrell has made no attempt to demonstrate either here. And even if McTerrell had made such a showing, this claim is not cognizable in a federal habeas proceeding because it involves the purely state-law right to testify before a grand jury. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989); *Lloyd v. Walker,* 771 F. Supp. 570, 576-77 (E.D.N.Y. 1991) ("Having admitted to the factual basis of the charges against him upon entering a plea of guilty, any error in the proceeding which led to his indictment is, as *Lopez v. Riley* teaches, rendered harmless, and is not a cognizable claim in a federal habeas proceeding.").

As for the claim that counsel was ineffective for failing to effectuate McTerrell's right to testify before the grand jury, this, too, is not cognizable in a federal habeas proceeding. By pleading guilty, McTerrell "br[oke] . . . the chain of events which ha[d] preceded [the plea] in the criminal process," relinquishing the ability to "raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, "[b]ecause federal habeas review is limited to the voluntariness of [the] plea, counsel's failure to facilitate . . . testimony before the grand jury is not a cognizable

9

claim for relief." *Blanding v. Yelich*, No. 17-CV-1762 (JPO), 2018 WL 4906252, at *4 (S.D.N.Y. Oct. 9, 2018). Even if this claim were cognizable, it would fail on the merits. Counsel's decision that a defendant should not exercise his or her right to testify before a grand jury "does not, per se, amount to a denial of effective assistance of counsel" where there is no showing of prejudice. *People v. Hogan*, 26 N.Y. 3d 779, 786-87 (2016). There has not been even an attempted showing here that the result would have been different had McTerrell testified, and I am skeptical that such a showing could ever be possible, given that McTerrell was essentially caught in the act and admitted to the crime that very day.

McTerrell's claims regarding the right to testify before the grand jury are therefore denied.

### III. Further Ineffective Assistance of Counsel

McTerrell offers two additional theories of ineffective assistance of counsel, neither of which is persuasive. First, McTerrell appears to reiterate the argument raised on direct appeal that counsel was ineffective at sentencing because counsel did not argue for a more lenient sentence based on McTerrell's life circumstances and health conditions. But the Appellate Division reviewed this claim and deemed it to be without merit, *McTerrell*, 174 A.D.3d at 659; in doing so, it cited *People v. Benevento*, 91 N.Y.2d 708 (1998), in which the New York Court of Appeals cautioned against second-guessing counsel's efforts in hindsight and held that a defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings," *id.* at 712-13. As an adjudication on the merits, the Appellate Division's decision is entitled to AEDPA deference. *Aparicio,* 269 F.3d at 94. And this decision was not contrary to or an unreasonable application of federal law. *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (noting the "doubly deferential" standard of AEDPA review in claims for ineffective assistance of counsel). To prevail on this ineffective assistance of counsel claim, McTerrell would have needed

10

to show that counsel's behavior "fell below an objective standard of reasonableness" and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). But McTerrell's counsel offered a detailed report arguing for leniency; attempted to negotiate a sentence below ten years; ensured that McTerrell was not improperly sentenced as a predicate offender; and successfully negotiated a sentence lower than the sentence the state wanted. *See* Pre-Pleading Memorandum; Transcript of Sentencing Proceedings at 2-3, 9. This approach does not fall below an objective standard of reasonableness, nor has McTerrell offered any reason to think that, had counsel acted differently, the result of the sentencing would have been different. *See id.*

McTerrell also appears to repeat the argument from the *coram nobis* petition—that appellate counsel was ineffective for failing to raise the arguments in McTerrell's pro se supplemental brief, and that this representation was so nominal as to amount to no representation at all. The Appellate Division also adjudicated this claim on the merits, concluding that McTerrell "failed to establish that [McTerrell] was denied the effective assistance of appellate counsel." *McTerrell*, 179 A.D.3d at 1097. This adjudication is therefore also entitled to AEDPA deference, and as with the state appellate court's adjudication of McTerrell's other ineffective assistance of counsel claim, this decision was not contrary to or an unreasonable application of federal law. As McTerrell's appellate counsel explained to the state appellate court, she wrote McTerrell a lengthy letter discussing the issues McTerrell wanted her to raise in the appeal, but McTerrell elected to raise only the excessive sentence claim. *See* Appellate Counsel's Response to Coram Nobis 2, ECF No. 6-10. This approach does not fall below an objective standard of reasonableness, and again, even if it did, McTerrell has not made any showing that a different approach would have yielded a more favorable result. *See Strickland*, 466 U.S. at 688, 694.

McTerrell's claims regarding counsel's effectiveness at sentencing and on appeal are therefore denied.

## IV. Excessive Bail

McTerrell's contention that bail was excessive is moot, because McTerrell is no longer incarcerated on bail. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982) (setting out the "general rule" that a "claim to *pretrial* bail [i]s moot once [a defendant is] convicted" because "even a favorable decision" would not entitle the defendant to bail). This claim is therefore dismissed as moot.

## V. Competency Hearing

McTerrell reiterates the argument from the pro se appellate brief that the sentencing court should have *sua sponte* ordered a competency hearing pursuant to N.Y. Crim. Pro. Law § 730. Although Article 730 is a state court procedure, McTerrell's argument can be liberally construed as contending that the state court deprived McTerrell of a reasonable opportunity to demonstrate a lack of competency to stand trial, as mandated by federal due process. *See Bisnett v. Kelly*, 221 F. Supp. 2d 373, 385 (E.D.N.Y. 2002) (citing *Medina v. California*, 505 U.S. 437, 451 (1992)). The Appellate Division disposed of this claim as being "without merit," *McTerrell*, 174 A.D.3d at 649, and because there is "nothing in [the] decision to indicate that the claim[] w[as] decided on anything but substantive grounds," that decision is entitled to AEDPA deference. *Aparicio*, 269 F.3d at 94. The state appellate court's decision did not contravene clearly established federal law, nor was it an unreasonable application thereof: Given the court's colloquy with McTerrell, in which McTerrell answered all questions appropriately and did not give any indication that competency was an issue, there was no reason for the court to *sua sponte* order an Article 730

12

examination. This claim is therefore denied.

### VI. Nature of Plea and Sentence

To the extent that McTerrell argues that the state court's sentence improperly took into account a prior felony conviction, that claim is based on an inaccurate understanding of the facts and is belied by the sentencing transcript. *See* Transcript of Sentencing Proceedings at 3 ("Just to clarify . . . [McTerrell] is not being sentenced as a predicate but as a first-time offender." "That is correct."). Similarly, McTerrell argues that the court did not make clear that the plea was to assault rather than to gun possession until sentencing, but the transcript of the plea proceedings tells another story. *See* Transcript of Plea Proceedings at 8 (explaining that McTerrell would enter a "plea of guilty to the second count in the indictment, assault in the first degree"). Even assuming that both of these arguments raise claims cognizable in a federal habeas proceeding, therefore, the Appellate Division's disposition of the claims as being "without merit" is entitled to AEDPA deference and does not contravene or unreasonably apply clearly established federal law. *McTerrell*, 174 A.D.3d at 649. These claims are accordingly denied.

### CONCLUSION

For the foregoing reasons, the application of McTerrell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Because McTerrell has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will issue.

13

SO ORDERED.

                                                    /s/  
                                      Raymond J. Dearie  
                                      United States District Judge

Dated:       November 29, 2023  
               Brooklyn, New York